UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

SEP 1 8 2006

CIVIL ACTION NO. 06-43

CHRISTINE L. BLAGG                          PLAINTIFF

VS.

OPINION AND ORDER

JO ANNE BARNHART
COMMISSIONER OF SOCIAL SECURITY              DEFENDANT

This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 8) and the cross-motion for summary judgment of the Commissioner (Doc. 9).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (unreported) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. Aug. 16, 2001)).

In order to qualify for disability benefits, a claimant must establish that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)( citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate she suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then plaintiff is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. Id. Lastly, even if the claimant cannot perform her past

2

relevant work, she is not disabled if she can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the ALJ's decision, claimant was thirty-nine years old. The claimant graduated from high school and has completed two years of college. The claimant has prior relevant work as a stock clerk, retail sales clerk, and as an independent consultant selling home interior products from her home. The claimant has not been gainfully employed since October 9, 2002.

The claimant's chief complaint is of back and neck pain. She testified that the pain radiates into her arms, hands and fingers making it difficult for her to hold items, and it also radiates into her legs. The claimant has been diligent in seeking treatment for her pain: she takes Methadone, uses a Duragesic patch and has received steroid injections.

The claimant had an MRI on November 25, 2002, which found mild degenerative change with no acute bony abnormality. (AR 143, 146).

On January 15, 2003, the claimant had a whole body scan that revealed minimal curvature of the thoracic spine that was thought to be positional since prior x-rays did not demonstrate any significant curvature. The scan report noted that the scan was

3

otherwise unremarkable.

A February 11, 2004 MRI revealed mild cervical spondylosis, with no neural compression. The report stated:

> the spinal cord is normal throughout. There is a very slight kyphosis of mid cervical spine. At C2-3, the disc contours are normal. At C3-4, there is a very mild posterior disc protrusion flattening the thecal sac to a mild degree. At C5-6, there is a small central disc herniation with bilateral lateral extension into the neural foramina, narrowing them to a moderate degree bilaterally. At C6-7, there is central disc protrusion with bilateral extension extending laterally into the neural foramina and narrowing the left neural foramen to a mild degree and the right neural foramen to a minimal degree. At C7-T1, the spinal canal and neural foramina are widely patent.

(AR 330).

On March 10, 2004, a MRI was performed and compared to the 2002 study. The radiologist found "[m]ild narrowing of the left L4-5 neuroforamen secondary to disc bulge and endplate spurring", but no evidence of compressive disc disease. The radiologist noted there had been no change from the 2002 study. (AR 332).

The claimant suffers from depression and anxiety. She has received drug treatment for her psychological problems from her treating physicians since September 2002. In September 2004, she began psychiatric treatment with Dr. McElheney for major depression. Dr. McElheney has stated that the claimant is unable to perform any type of work activity.

At the evidentiary hearing, the ALJ sought testimony from the claimant, the claimant's friend and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five step evaluation for determining disability.

4

At step 1, the ALJ determined that the claimant had not been engaged in substantial gainful activity since the alleged onset of disability. At step 2, the ALJ determined that the claimant's degenerative disc disease of the cervical and lumbar spine, her tremor and her major depression are "severe" impairments.

At step 3, the ALJ determined that, although claimant has impairments that are "severe," she does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1. At step 4, the ALJ found the claimant is unable to perform her past relevant work.

At step 5, the ALJ found that the claimant has a residual functional capacity for a limited range of light work, but is restricted to routine, repetitive tasks which require only occasional interaction with supervisors, co-workers, and the general public and which must be performed in a low-stress work environment. (AR p. 23).

The vocational expert opined that given claimant's age, education, work history and the limitations assigned by the ALJ, that a significant number of jobs existed in the national economy that the claimant could perform including housekeeping/cleaning (1,500 jobs locally and 250,000 jobs nationally), light assembler (6,000 jobs locally and 675,000 jobs nationally), and unskilled production inspector, 2,300 jobs locally and 270,000 jobs nationally). Based on this testimony, the ALJ found the claimant not disabled.

The claimant argues that the ALJ erred in not giving

5

appropriate weight to the medical opinion of her treating physicians: Dr. Grefer, Dr. Simons, Drs. Reutman and Dr. McElheney.

The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well - supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993).

The claimant asserts that the ALJ did not give sufficient weight to her treating doctors assessments. The ALJ, however, gave sufficient reasons to support her finding that although claimant suffers from a back condition, her treating physicians' functional limitations were too restrictive and, therefore, not entitled to great weight. The ALJ stated:

> As indicated above, the record contains a number of assessments indicating the claimant can perform work activity, either unrestricted or with some restrictions. It also contains a number of assessments that would preclude the performance of any significant work activity. These include assessments by Dr. Grefer, Reutman, and Simons (Exhibits 15F, 16F, and 19F). The relevant criteria for evaluating the above medical opinions are set forth in Section 404.1527 of Regulation No. 4 and in SSR 96-2p. These state, among other things, that generally we give more weight to the opinions of treating sources because they are likely to be most able to provide a detailed, longitudinal picture of the claimant's impairments. If we find that a treating source's medical opinion on the issue of the nature and severity of the claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record, we will give the opinion controlling

6

weight.

> In the present case, I find that these opinions are not to be given controlling weight. They are not supported by acceptable medical evidence (indeed, they essentially reflect only subjective complaints) and are inconsistent with other substantial evidence of record, including much objective testing showing mild to moderate level findings that would not result in much limitations. Indeed, Dr. Simons himself casts significant doubt as to the real level of the claimant's perceived pain. Notes of August 30, 2004 describe the claimant as a bit Waddell positive in how she exhibits her pain. He stated she is dramatic and exhibits atypical pain. (Exhibit 18F). Therefore, the Administrative Law Judge rejects the assessments of Dr. Grefer, Reutman, Simons, and McElheney as not well-supported and inconsistent with the other substantial evidence in the case record.

(AR pp. 20-21). The ALJ reviewed the medical records and found Drs. Grefer, Reutman, Simons, and McElheney's opinions were not supported by the evidence.

Furthermore, the AlJ also found such limitations were not supported by claimant's testimony. The ALJ stated:

> In arriving at the residual functional capacity described, the Administrative Law Judge has carefully considered the claimant's subjective complaints of pain in accordance with 20 C.F.R. 404.1529 and Social Security Ruling 96-7p, but finds the claimant's allegations not credible to the extent she is precluded from performing the limited range of light work described. Her complaints are not consistent with the objective findings, which have been characterized as mild. The record shows evidence of positive Waddell findings, atypical pain behavior, and dramatizing (Exhibits 11F and 18F). It also indicates that the claimant's complaints do not correlate with the description of the injury that caused them (Exhibit 4F). The claimant has not received medical treatment consistent with the severe pain alleged, as the record shows no surgical intervention except for injections. Although she alleged at the hearing that her medication produced side effects, there are no complaints of these to medical sources. The daily activities she described are not consistent with the level of pain alleged. Medical progress notes cited above show unsubstantiated complaints to physicians. The Administrative Law Judge carefully observed the claimant and notes that she was not in any obvious pain or discomfort when walking into or out of the hearing room

7

>or while sitting during the course of the hearing. Finally, although the claimant alleged a mental impairment, she related well to the Administrative Law Judge and to her representative at the hearing and she answered questions quickly and appropriately without any evidence of a memory or concentration problem. There was no obvious evidence of any significantly limiting mental or emotional problem demonstrated during the course of the hearing.

(AR p. 20).

The court finds that the ALJ articulated clear reasons why she discredited the treating physicians' assessments: she did not find the treating physicians overly restrictive physical capacity assessments to be consistent or supported by the record. The court finds that the ALJ stated acceptable reasons for finding the treating physicians assessments were not entitled to great weight.

The claimant argues that the ALJ improperly used the "sit and squirm test" in determining claimant's credibility with respect to her claim of severe disabling pain. The claimant is correct that the Sixth Circuit has discredited the "sit and squirm" test as the sole basis for disallowing a claim. The Sixth Circuit has held, however, that where, as here, the ALJ provides a detailed analysis of the claimant's medical records, pain treatment and daily activities, the use of the ALJ's personal observations is just one factor, not the sole factor, in determining that a claimant's pain is not disabling. See Johnson v. Commissioner of Social Security, No. 99-1438, 2000 WL 332059, *4 (6th Cir. 2000). Since the ALJ's personal observations of the claimant were not the sole factor in her determination, it was not improper. Id.

8

The court does, however, find that the ALJ committed error in assessing the claimant's physical residual functional capacity (RFC). The ALJ found that the claimant has the capacity to perform a limited range of light work. Although the court finds there are RFC assessments in the record that support this finding, the court is concerned with the ALJ's analysis of the claimant's RFC. Specifically, under Social Security Ruling 96-8, the assessment must include a narrative discussion describing how the evidence supports each conclusion citing specific medical facts and non-medical evidence. In addition, the ALJ must identify the claimant's functional limitations or restrictions on a function-by-function basis. SSR 96-8p. See also Delgado v. Commissioner of Social Security, No. 00-4200, 2002 WL 343402, at **5 (6th Cir. March 4, 2002).

In the case at bar, the ALJ summarized the medical records, gave valid reason for discrediting the treating physicians' assessments, and then concluded that the claimant could perform a limited range of light work. The ALJ did not, however, discuss claimant's limitations on a function-to-function basis. This is particularly troubling because the documentary evidence suggest some limitations in manipulative functions as a result of tremors and paresthesia in both the upper and lower extremities.

The ALJ stated in her decision that "the documentary evidence establishes the claimant has had significant spinal and related problems since an injury at work on the alleged onset date, after which she began to experience neck and low back pain,

with paresthesias involving her upper and lower extremities." (AR 16). The ALJ did not, however, discuss what limitations such paresthesia had on the claimant's ability to perform manipulative and postural functions, such as reaching, handling, stooping or crouching. This paresthesia could also affect the claimant's ability to lift and carry, but the ALJ does not discuss the affect of claimant's condition on her ability to perform these functions. Instead, the ALJ simply concluded, without explanation, that the claimant could perform a limited range of light work as defined by 20 C.F.R. § 404.1567.

Social Security Ruling 96-8p provides that only after an ALJ has identified the claimant's work-related abilities on a function-by-function basis, can she express a claimant's RFC in terms of the exertional level of work: i.e. sedentary, light, medium, heavy, or very heavy. Here, the ALJ skipped the function-by-function analysis.

The court finds the ALJ's decision failed to provide the minimal articulation needed to support her conclusion that the claimant has the RFC to perform a limited range of light work. The mere recitation of the medical reports is insufficient. The ALJ must provide her analysis. SSR 96-2 and SSR 96-6. For these reasons, the court will require the ALJ articulate the claimant's functional limitations on a function-by-function basis.

The court also orders that, upon remand, the Commissioner obtain an updated psychological evaluation on the claimant. The court agrees with the ALJ's conclusion that Dr. McElheney's

assessment was not supported by the record as it was too restrictive. The ALJ stated:

> The [ALJ] rejects the opinion of Dr. McElheney that the claimant's mental impairment meets the requirements of Section 12.04. Her assessment is so extreme that she indicates the claimant has poor or no ability to make any type of occupational performance or personal-social adjustments. This assessment does not accord with the treatment notes(Exhibits 14F, 15F,and 18F) and is more characteristic of an individual who is totally unable to function outside an institutional setting. The record, however, shows that the claimant has had virtually no inpatient care, except for a recent admission in July 2005 for short lived suicidal ideation (Exhibit 18F), and that her impairment has not resulted in the limitations reported by the doctor.

(AR p. 19).

Nevertheless, the record supports a finding that the claimant suffers from psychological impairments. The consulting psychological assessments contained in the record were obtained prior to claimant's treatment with Dr. McElheney and prior to her hospitalization for suicidal ideation. Accordingly, the court finds that an updated psychological assessment is warranted.

For the foregoing reasons, the court finds that the ALJ's decision is not based on substantial evidence. Once a court determines that substantial evidence does not support the Commissioner's decision, it can reverse the decision and award benefits only if all essential factual issues have been resolved and the record establishes a claimant is entitled to benefits. Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994). Where, as here, the factual issues have not been resolved, the court shall remand the case for further consideration. Id.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the claimant (Doc. 8) be, and it hereby is, **granted in part** as to claimant's request for a reversal of the Commissioner's decision, and **denied in part** as to her request for a court ordered award of benefits, and that the cross-motion for summary judgment of the Commissioner (Doc. 9) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded,** under sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

This 18th day of September, 2006.

*William O. Bertelsman*
**WILLIAM O. BERTELSMAN, JUDGE**